## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANGELO JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-1170 |
| ) | |
| NEDRA CHANDLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Deangelo Johnson's ("Johnson"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 Petition [#1] is DISMISSED, and the Application to Proceed Without Prepayment of Fees [#2] is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

Johnson pled guilty to various charges in the Circuit Court of McClean County in Case Nos. 07-CF-1363, 07-CF-1205, and 08-CF-0169. On May 1, 2008, he was sentenced to concurrent terms of 5 years' imprisonment in each case. There is no indication that he ever filed a notice of appeal or pursued post-conviction relief with respect to any of his convictions or sentences.

On May 3, 2010, Johnson attempted to file a petition for writ of habeas corpus directly with the Illinois Supreme Court. His request for leave to file the petition was summarily denied on May 14, 2010.

Johnson now brings the present action seeking federal review of his state court sentence. In his Petition, he argues that his sentence has been computed incorrectly and

that he has not been given credit for all of the time to which he is entitled.  This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus.  The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the present case, Johnson alleges that he is entitled to relief because his sentence is not being calculated property and he did not receive credit for time spent in custody prior to sentencing.  He makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the

factual predicate for his claims through the exercise of due diligence.  Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.

On the record before the Court, Johnson's direct appeal became final on May 31, 2008, when his time for filing an appeal to the Illinois Appellate Court expired, and his clock began to run on that day.  There was no properly filed post-conviction petition to toll the limitations period, and his clock continued to run until the "filing" of the present § 2254 Petition on May 27, 2010, when the petition was delivered to prison authorities for mailing.  Thus, the untolled time elapsed between the time Johnson's appeal became final and the filing of the present petition was just days shy of two years, which exceeds the statutorily prescribed one-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody.  Therefore, the petition must be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Johnson's Petition for Writ of Habeas Corpus pursuant to § 2254 [#1] is DISMISSED as untimely, and his Application to Proceed In Forma Pauperis [#2] is DENIED.  This matter is now terminated.

ENTERED this 11th day of June, 2010.

                                                     s/ Michael M. Mihm
                                                   Michael M. Mihm
                                                   United States District Judge